UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MAMA K. JAMMEH,

                                      Plaintiff,             **COMPLAINT**
       -against-                                                 **AND JURY DEMAND**

THE CITY OF NEW YORK, THE NEW YORK
CITY DEPARTMENT OF CORRECTION, COMMISSIONER
CYNTHIA BRANN, CORRECTION OFFICER DIEDRE
MARSHALL, CORRECTION OFFICERS "JANE
DOES #1-5" Correction Officers as yet unidentified in their
official and individual capacities,

                                      Defendants.
------------------------------------------------------------------------X

## COMPLAINT WITH JURY DEMAND

Plaintiff, MAMA K. JAMMEH, complaining of the defendants, by and through her attorney, PAMELA S. ROTH, of THE LAW OFFICES OF PAMELA S. ROTH, ESQ. P.C., as and for her Complaint, respectfully alleges, upon information and belief, as follows:

## INTRODUCTION

This is a civil rights action filed by Plaintiff, MAMA K. JAMMEH, for damages pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988 alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution and the Constitutions of the State of New York for unlawful strip searches and sexual assault.

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

3. This Court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights pursuant to 42 U.S.C. §§ 1331 (a) and 1343.

4. The amount in controversy exceeds $75,000.00 excluding interest and cost.

5. Venue is properly laid in the Southern District of New York under 28 U.S.C. §§1391(a), (b) and (c), in that this is the District in which the claim arose.

## NOTICE OF CLAIM

6. Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York on or about November 23, 2016 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7. The Notice of Claim was delivered to the person designated by law as a person to whom such claims may be presented and served.

8. The Notice of Claim was in writing, sworn to by the Plaintiff and contained the name and post office address of the Plaintiff and Plaintiff's attorney, the nature of the claim, the time when, the place where and the manner by which the claim arose, and the damage and injuries claimed to have been sustained.

9. That on or about March 26, 2018, Plaintiff gave testimony at the request of defendant, The City of New York, and pursuant to Section 50-h of the New York State Municipal Law, before a representative of said defendant.

10. Defendant, the City of New York has failed and refused to pay and/or adjust the claim within the statutory period of time.

## JURY DEMAND

11. Plaintiff respectfully demands a trial by jury on all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

12. The Plaintiff, MAMA K. JAMMEH, is a citizen of the United States and at all times here relevant resided in Bronx County, the City and State of New York.

13. The Plaintiff, MAMA K. JAMMEH, was a visitor on Rikers Island Correctional Facility specifically at the North Infirmary Command ("N.I.C.") located at 15-00 Hazen Street, East Elmhurst, New York, during the events described in the complaint herein.

14. Defendant THE CITY OF NEW YORK is a municipal corporation organized under the law of the State of New York.

15. Defendant CITY OF NEW YORK is in charge of the supervision and discipline of all staff at N.I.C. and at Rikers Island. It is sued in its official capacities.

16. Defendant, THE NEW YORK CITY DEPARTMENT OF CORRECTION (hereinafter "CORRECTION DEPT.") is and was at all times relevant to this action, a municipal corporation and a municipal agency, created, organized and existing under and by virtue of the laws of the State of New York.

17. Defendant, THE NEW YORK CITY DEPARTMENT OF CORRECTION (hereinafter "DOC") is in charge of the supervision and discipline of all staff at N.I.C. and at Rikers Island. They are sued in its official capacities.

18. Defendant NEW YORK CITY DEPARTMENT OF CORRECTION COMMISSIONER CYNTHIA BRANN (hereinafter "BRANN") was at all times relevant

herein, the Commissioner of the New York City Department of Correction, and, as such, was a policy maker with respect to training, supervision, and discipline of DOC officers, including the other individual defendants. On information and belief, defendant BRANN, as Commissioner of DOC, was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, and conduct of all DOC personnel, including the defendants referenced herein.

19. As Commissioner, defendant BRANN is also responsible for and is in charge of the supervision and discipline of all staff at N.I.C. She is sued in her official capacity.

20. Defendant CORRECTION OFFICER DIEDRE MARSHALL was in charge of the supervision and discipline of all staff at N.I.C. and at Rikers Island. She is sued in her official capacity.

22. Defendants CORRECTION OFFICERS "JANE DOES #1-5" are in charge of the supervision and discipline of all staff at N.I.C. and at Rikers Island. They are sued in their official capacities.

23. All the defendants have acted and continue to act, under color of state law at all times relevant to this complaint.

24. All the defendants have acted and continue to act in the capacity of agent, servant, and employee of defendant CITY, within the scope of their employment as such, acting under the color of state law.

25. All the defendants are officers, captains, and assistant deputy warden employees of the DOC, and are sued in their individual capacities.

26. At all times hereinafter mentioned, the defendants were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

27. At all times herein mentioned, Defendants CITY OF NEW YORK, DOC, MARSHALL and OFFICERS stood in such a relationship with each other in providing law enforcement services as to make each liable for the acts and omissions of the others.

## JOINT LIABILITY

28. This action falls within one or more exceptions set forth in C.P.L.R. § 1602.

## STATEMENT OF FACTS

29. On November 18, 2016, the Plaintiff was a visitor at N.I.C. was lawfully and rightfully visiting her friend Marlene Aloe's son David Marrero, whom she knew for many years and considered him like her own son, who was incarcerated at the North Infirmary Command ("NIC").

30. On the aforementioned date, plaintiff JAMMEH boarded a bus from the Benjamin Ward Visit Center (Intake Building) and was transported to the NIC building, which housed her family friend, inmate David Marrero.

31. At NIC, plaintiff JAMMEH walked through the metal detector and she cleared the metal detector.

32. An African American female C.O. JANE DOE #1, ordered plaintiff JAMMEH to get against the locker and was subjected to the K-9 dog search and again passed the search without incident.

33. However, the C.O. DIEDRE MARSHALL stated that plaintiff JAMMEH was "clear for now".

34. Thereafter, plaintiff JAMMEH was ordered into the bathroom at NIC, alone by C.O. DIEDRE MARSHALL, and without signing any further "consent to search" forms, and without any probable cause for this unlawful search and unlawful detention in the bathroom, without any supervisors present for Plaintiff's safety, was subjected to a vile, physical and inappropriate search in the bathroom.

35. Plaintiff was forced to undergo a strip search and an unlawful body cavity search, as C.O. DIEDRE MARSHALL inserted her hands inside the Plaintiff's pants and panties, touching and rubbing her vagina, genitalia, and anus.

36. Plaintiff did not have an option whether she could consent to this impermissive search.

37. Plaintiff was forced to endure this horrid and violative search of her person.

38. Defendant C.O. DIEDRE MARSHALL was aware, complicit, ordered, orchestrated and had knowledge of this unauthorized and impermissible body cavity search conducted by her.

39. Plaintiff was subjected to this full body cavity search without consent.

40. There was no illegal or illicit contraband found on Plaintiff's person.

41. This search was conducted in a bathroom and not in a search area.

42. Defendants CORRECTION OFFICERS "JANE DOES #1-5" ordered Plaintiff to enter a private area, a bathroom which was not equipped with a camera

and/or surveillance camera, and ordered Plaintiff to remove her clothing and sexually assaulted her without cause.

43. Plaintiff was caused and forced to undergo a strip search, was physically molested and subjected to having her vagina and anus fondled and improperly touched, she was forced to drop her pants, bend and squat and spread her legs apart, as the Defendants herein named, their agents, servants and/or employees, who were working at NIC and were acting during the course of and within the scope of their employment by the CITY and/or the DOC, wrongfully and without consent nor permission, rubbed and touched Plaintiff's genitals from her anus all along her vagina up to her lower abdomen, inside her jeans.

44. At all relevant times, and in intimidating and sexually assaulting Plaintiff, detaining, and wrongly imprisoning her, Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff. Defendants' actions constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

45. Plaintiff did not have an option whether to she could consent to this non-permissive search.

46. Defendant C.O. DIEDRE MARSHALL was aware, complicit, ordered, orchestrated and had knowledge of this unauthorized and impermissible body cavity search conducted by her.

47. As a direct and proximate result of the acts of the Defendants herein, Plaintiff suffered the following injuries and damages:

    a. Violation of her rights to Due Process of Law under the Fourteenth

    Amendment of the United States Constitution;

 b. Violation of her rights to be free of unreasonable seizures under the Fourth Amendment to the United States Constitution;

 c. Physical pain and suffering;

 d. Emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to her reputation.

<b><u>FIRST CLAIM FOR RELIEF</u></b>

**FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER 4TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION (STRIP SEARCHES AND SEXUAL ASSAULT)**

48. Plaintiff repeats and realleges each and every allegation set forth herein.

49. On the aforementioned date, Defendant C.O. DIEDRE MARSHALL ordered Plaintiff to enter a private area, a bathroom, and further ordered Plaintiff to remove her clothing and expose her genitalia without cause.

50. On the aforementioned date, defendants CORRECTION OFFICERS "JANE DOES #1-5" ordered Plaintiff to enter a private area, a bathroom which was not equipped with a camera and/or surveillance camera, and ordered Plaintiff to remove her clothing and sexually assaulted her without cause.

51. Plaintiff was caused and forced to undergo a strip search, was physically molested and subjected to having her breasts fondled and improperly touched, she was forced to drop her pants, bend and squat and spread her legs apart, as the Defendants herein named, their agents, servants and/or employees, who were working at NIC and were acting during the course of and within the scope of their employment by the CITY

and/or the DOC, wrongfully and without consent nor permission, forcibly touched and rubbed Plaintiff's genitals from her anus all along her vagina up to her lower abdomen, inside her pants and panties.

52. On November 18, 2016, Defendants C.O. JANE DOES #1-5 were involved in, orchestrated, ordered, condoned, participated in, allowed, and permitted these Defendants to impermissibly violate and sexually assault Plaintiff herein.

53. Defendant BRANN failed to supervise and discipline her officers and thus protect the Plaintiff from Defendants C.O. JANE DOES #1-5 actions.

54. On November 18, 2016, Defendant BRANN, was notified of Defendants actions against Plaintiff and failed to supervise and discipline C.O.'s and thus protect the Plaintiff herein from Defendants C.O. JANE DOES #1-5 actions.

55. On November 18, 2016, Defendant CITY OF NEW YORK, was notified of Defendants actions against Plaintiff and failed to supervise and discipline C.O.'s and thus protect the Plaintiff herein from Defendants C.O. JANE DOES #1-5 actions.

56. On November 18, 2016, Defendant DOC, was notified of Defendants actions against Plaintiff and failed to supervise and discipline C.O.'s and thus protect the Plaintiff herein from Defendants C.O. DIEDRE MARSHALL'S actions.

57. On November 18, 2016 the strip search of Plaintiff did not produce any prohibited contraband located on the Plaintiff.

58. As a result of the unlawful strip search and forcible sexual assault upon Plaintiff's person, Defendants, individually and/or vicariously, subjected Plaintiff, a citizen of the United States, to deprivations of rights, privileges and immunities secured by the Constitution of the United States, and Plaintiff sustained deprivations of her

personal liberty, violations of her civil rights, that include, but are not limited to, Plaintiff's right to be free from assault, including sexual assault.

59. Plaintiff has suffered and will continue to suffer from psychological harm, physical injury, mental distress, humiliation, embarrassment, fear, and defamation of her character and reputation, was prevented from attending to her usual duties, all to her damage in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

60. The amount and type of physical force to carry out the sexual assault used upon Plaintiff by Defendants, individually and/or vicariously, by and through their agents, servants and/or employees demonstrated an intentional, willful, malicious and reckless disregard for and deliberate indifference to Plaintiff's rights and physical well-being.

## SECOND CLAIM FOR RELIEF
## FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

61. Plaintiff repeats and realleges each and every allegation set forth herein.

62. All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under the color of state law.

63. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and are in violation of 42 U.S.C. § 1983.

64. The aforementioned individual Defendants in their capacities as correction officers carried out the acts complained of, with all of the actual and/or apparent authority attendant thereto.

65. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as correction officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the DOC, all under the supervision of ranking officers of said department.

66. Defendants, collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## THIRD CLAIM FOR RELIEF
## FOR EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983

67. Plaintiff repeats and realleges each and every allegation set forth herein.

68. The level of force employed by Defendants was objectively unreasonable and in violation of Plaintiff's constitutional rights.

69. As a result of Defendants' unlawful actions, Plaintiff suffered physical injuries, as well as, severe emotional distress, humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FOR DENIAL OF DUE PROCESS

70. Plaintiff repeats and realleges each and every allegation set forth herein.

71. On the aforementioned date, the Plaintiff MAMA K. JAMMEH was never served any document, verbally or otherwise, by any Defendant, advising her of her right to refuse a strip search and the reasons to order a strip search, as Plaintiff did go through the metal detector and was subjected to the K9 dog sniff search, and none of those indicted a "hit" that Plaintiff was carrying prohibited contraband.

72. On the aforementioned date of incident, consent was not an option as Plaintiff was ordered and forced to enter a private bathroom area, without any cameras and/or surveillance cameras, and ordered to strip. Plaintiff was then forcibly sexually assaulted and impermissibly fondled and sexually violated.

73. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to Plaintiff and went beyond the bounds of decency in their outrageous and disgusting treatment of plaintiff and disregarding her safety.

74. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM FOR RELIEF
## FOR FAILURE TO INTERVENE

75. Plaintiff repeats and realleges each and every allegation set forth herein.

76. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct but observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

77. The actions of Defendants C.O. DIEDRE MARSHALL and C.O. JANE DOES #1-5 in strip searching and sexually assaulting the Plaintiff without legal cause or in failing to intervene to prevent unlawful strip and sexual assault, were done without reasonable suspicion and constituted a Fourth Amendment violation.

78. The failure of Defendants C.O. DIEDRE MARSHALL , C.O. JANE DOES #1-5, City of New York, NYC Department of Correction, and Defendant Brann, to take disciplinary or other action to curb the known pattern of strip searching and sexual assaults on women visitors to DOC location in and around each borough in the City of

New York by Defendants C.O. JANE DOES #1-5, constituted deliberate indifference to the Plaintiff's and other visitors' constitutional rights, and contributed to and proximately caused the above-described violations of the Fourth and Fourteenth Amendments.

79. The actions of all of the Defendants' failure to serve the Plaintiff, verbally or otherwise, a document advising her of her right to refuse a strip search, rights thereto, and the cause for ordering a strip search denied to this Plaintiff MAMA K. JAMMEH due process of law in violation of the Fourteenth Amendment to the United States Constitution.

80. As a direct and proximate result of this unlawful and outrageous conduct that shocks the conscience, Plaintiff sustained the damages hereinbefore alleged.

81. As a result of Defendants' act, Plaintiff was damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## SIXTH CLAIM FOR RELIEF
Pursuant to State Law (RESPONDEAT SUPERIOR)

82. Plaintiff repeats and realleges each and every allegation set forth herein.

83. That Defendants, Defendants C.O. DIEDRE MARSHALL, C.O. JANE DOES #1-5 and Defendant BRANN, were acting in furtherance of the duties owed to their employer, Defendant, THE CITY OF NEW YORK and DOC.

84. That at all times, Defendants C.O. DIEDRE MARSHALL and C.O. JANE DOES #1-5, were acting within the scope of their employment.

85. That Defendant, THE CITY OF NEW YORK, was able to exercise control over Defendants C.O. DIEDRE MARSHALL, C.O. JANE DOES #1-5's, activities.

86. That defendant, THE CITY OF NEW YORK, is liable for Defendants, Defendants C.O. DIEDRE MARSHALL and C.O. JANE DOES #1-5, actions under the doctrine of *respondeat superior*.

87. That Defendant, DOC, was able to exercise control over C.O. DIEDRE MARSHALL, Defendants C.O. JANE DOES #1-5's, activities.

88. That Defendant, DOC, is liable for Defendants, C.O. DIEDRE MARSHALL, Defendants C.O. JANE DOES #1-5, actions under the doctrine of *respondeat superior*.

89. By reason of the foregoing, Plaintiff MAMA K. JAMMEH suffered mental injuries, emotional injuries, deprivation of liberty and privacy, terror, humiliation, fear, damage to reputation and other psychological injuries. All of said injuries may be permanent.

**SEVENTH CLAIM FOR RELIEF**
Pursuant to State Law
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

90. Plaintiff repeats and realleges each and every allegation set forth herein.

91. By reason of the foregoing, Defendants C.O. DIEDRE MARSHALL and C.O. JANE DOES #1-5, intentionally or recklessly engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society thereby intentionally inflicting mental and emotional distress upon the Plaintiff, MAMA K. JAMMEH.

92.     As a consequence thereof, the Plaintiff, MAMA K. JAMMEH, has been injured.

### EIGHTH CLAIM FOR RELIEF
Pursuant to State Law
(NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES AGAINST THE CITY OF NEW YORK AND CITY OF NEW YORK DEPARTMENT OF CORRECTION)

93.     Plaintiff repeats and realleges each and every allegation and incorporated by reference as if set forth in full herein.

94.     Upon information and belief, defendant, THE CITY OF NEW YORK, through the NEW YORK CITY DEPARTMENT OF CORRECTION owed a duty of care to this Plaintiff to prevent the mental abuse sustained by plaintiff.

95.     Upon information and belief, defendant THE CITY OF NEW YORK, through the New York City Department of Correction, owed a duty of care to this Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to this Plaintiff or to those in a like situation would probably result from this conduct.

96.     Upon information and belief, Defendants C.O. JANE DOES #1-5 were unfit and incompetent for their position.

97.     Upon information and belief, Defendants, THE CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF CORRECTION negligence in hiring and retaining Defendants C.O. JANE DOES #1-5, proximately caused the plaintiff's injuries.

### NINTH CLAIM FOR RELIEF FOR BATTERY
Pursuant to State Law

98.     Plaintiff repeats and realleges each and every allegation and incorporated by reference as if set forth in full herein.

99. By reason of the foregoing, plaintiff, MAMA K. JAMMEH, was intimidated, sexually forcibly touched, assaulted and battered on her genitalia, including a forcible rubbing along her anus and vagina, and intentionally and in a harmful and offensive manner.

100. The amount and type of physical force to carry out the sexual assault and battery used upon Plaintiff by Defendants, individually and/or vicariously, by and through their agents, servants and/or employees demonstrated an intentional, willful, malicious and reckless disregard for and deliberate indifference to Plaintiff's rights and physical well-being.

101. As a consequence thereof, plaintiff MAMA K. JAMMEH has been injured.

## **TENTH CLAIM FOR RELIEF FOR FALSE IMPRISONMENT**
Pursuant to State Law

102. Plaintiff repeats and realleges each and every allegation and incorporated by reference as if set forth in full herein.

103. By reason of the foregoing, the plaintiff, MAMA K. JAMMEH, was intentionally confined without privilege or probable cause to believe a crime had been committed as there was no contraband found on her person.

104. The plaintiff MAMA K. JAMMEH was aware of and did not consent to the confinement.

105. As a consequence thereof, the plaintiff MAMA K. JAMMEH has been injured.

## ELEVENTH CLAIM FOR RELIEF
### FOR PUNITIVE DAMAGES

106. Plaintiff repeats and realleges each and every allegation set forth herein.

107. Defendants' acts were reckless, willful, outrageous and outside the bounds of conduct tolerated in a civil society.

108. As a result of the acts and conduct complained of herein, Plaintiff, MAMA K. JAMMEH, has suffered pecuniary losses, emotional pain, suffering, inconvenience, and injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

109. Plaintiff MAMA K. JAMMEH demands punitive damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff MAMA K. JAMMEH respectfully requests that the Court grant the following relief:

A. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS: $100,000.00 jointly and severally against Defendants C.O. DIEDRE MARSHALL, C.O. JANE DOES #1-5, City of New York, NYC Department of Correction, and Defendant Brann for emotional injuries sustained as a result of the unlawful strip search on Plaintiff;

B. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS: $100,000.00 jointly and severally against Defendants C.O. DIEDRE MARSHALL, C.O. JANE DOES #1-5, City of New York, NYC Department of Correction, and Defendant Brann for emotional injuries sustained as a result of the predatory sexual assault on Plaintiff;

C. Plaintiff demands judgment and prays for an award of judgment against each and every defendant herein in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter; awarding MAMA K. JAMMEH full and fair compensatory damages in an amount to be determined by a jury against all defendants, jointly and severally; awarding MAMA K. JAMMEH punitive damages in an amount to be determined by a jury against the individual defendants, jointly and severally; awarding reasonable attorney's fees pursuant to 28 U.S.C. §1988 and the costs and disbursements of this action; and granting such other and further relief as to this Court deems just and proper.

Dated:   Brooklyn, New York
         November 10, 2019

                                               __/s/Pamela S. Roth_____
                                               PAMELA S. ROTH, ESQ. (PR7124)
                                               Law Office of Pamela S. Roth, Esq. P.C.
                                               2747 Coney Island Avenue
                                               Brooklyn, New York 11235
                                               (888) 466-4884
                                               Attorney for Plaintiff
                                               MAMA K. JAMMEH